Minute Order Form (06/97)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 6509 | **DATE** | 12/19/2002 |
| **CASE TITLE** | Kenneth R. Schreiber vs. IDEA Engineering etc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant Ford Motor Company's motion for summary judgment is granted and its motion to strike plaintiff's response to its Local Rule 56.1 statement of material facts is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | DEC 23 2002 | |
| | Notified counsel by telephone. | | date docketed | 104 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KENNETH R. SCHREIBER, )
)
Plaintiff, )
)
vs. ) No. 99 C 6509
)
IDEA ENGINEERING & FABRICATING, )
a corporation, GALLAGHER-KAISER )
CORPORATION, a corporation, and )
FORD MOTOR COMPANY, a corporation, )
)
Defendants. )

DOCKETED
DEC 2 3 2002

## MEMORANDUM OPINION AND ORDER

Plaintiff Kenneth R. Schreiber brought this suit against defendants Idea Engineering & Fabricating (Idea), Gallagher-Kaiser Corporation (Gallagher-Kaiser), and Ford Motor Company (Ford) arising from injuries he received while working on a construction site at Ford's Chicago assembly plant. Ford filed this motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, arguing that it owed no duty of care to the plaintiff. For the following reasons, Ford's motion is granted. Ford also filed a motion to strike plaintiff's response to its Local Rule 56.1 statement of material facts, which is denied as moot.

## BACKGROUND

Plaintiff was severely injured when he was welding near a chain that was being pulled by other workers. While it was possible to pull the chain mechanically, there is no indication that this was done at the time of the accident. A fixture on the chain hooked onto the basket in which plaintiff was working and pinned him between the railing on his lift and a steel beam.

The general contractor for the project in question was Gallagher-Kaiser, a Michigan

corporation, and the independent subcontractor in charge of the welding was Idea, also a Michigan corporation. Plaintiff was an independent welder hired by Genesys, a staff leasing organization, to perform welding work under the supervision of the contractors; he worked at the Ford plant from July 2, 1998 until his accident on July 6, 1998.

Ford required all persons entering the assembly plant to watch a ten-minute video on general safety. Additionally, it held progress meetings to monitor the progress of projects, coordinate upcoming operations, and discuss general safety. Gallagher-Kaiser's superintendent performed daily inspections of the jobsite and held weekly meetings to communicate any safety concerns. It also reviewed the work performed by the subcontractors before reporting to Ford that the work was completed.

## DISCUSSION

In Illinois, to state a claim of construction negligence, plaintiff must establish that defendant owed a duty or care to plaintiff, the defendant breached that duty, and plaintiff suffered an injury as a result of that breach. *See* Rogers v. West Const. Co., 252 Ill.App.3d 103, 623 N.E.2d 799 (4th Dist. 1993). Unless the court finds the existence of a duty as a matter of law, no recovery by the plaintiff is possible. *See* Hutchcraft v. Independent Mechanical Indus., 726 N.E.3d 1171, 1176 (4th Dist. 2000).

In its motion for summary judgment Ford raises only the issue of whether it owed a duty of care to the plaintiff. Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); *see* Celotex Corp. v Catrett, 477 U.S. 317, 322-23

(1986); Bennett v. Roberts, 295 F.3d 687, 694 (7th Cir. 2002). Our function is merely to determine if there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

As a general rule, one who employs an independent contractor is not liable for the acts or omissions of the independent contractor. Connaghan v. Caplice, 325 Ill.App.3d 245, 248, 757 N.E.2d 971 (2d Dist. 2001). The Illinois Supreme Court adopted § 414 of the Restatement of Torts as the law of Illinois to be applied in determining whether one who employs an independent contractor owes a duty to potential plaintiffs. *See* Larson v. Commonwealth Edison Co., 33 Ill.2d 316, 211 N.E.2d 247 (1965). The Restatement provides:

> One who entrusts work to an independent contractor, but who retains the control of any part of the work, is subject to liability for physical harm to others for whose safety the employer owes a duty to exercise reasonable care, which is caused by his failure to exercise control with reasonable care.

Restatement (Second) of Torts § 414, at 387 (1965). Comment *c* at 388, goes on to explain:

> In order for the rule stated in this Section to apply, the employer must have retained at least some degree of control over the manner in which the work is done. It is not enough that he has merely a general right to order the work stopped or resumed, to inspect its progress or to receive reports, to make suggestions or recommendations which need not necessarily be followed, or to prescribe alterations and deviations. Such a general right is usually reserved to employers, but it does not mean that the contractor is controlled as to his methods of work, or as to operative detail. *There must be such a retention of a right of supervision that the contractor is not entirely free to do the work in his own way* (emphasis added).

While the issue of whether an employer retained sufficient control to give rise to a duty of care is generally a question of fact, summary judgment is proper where the evidence presented is insufficient to give rise to a factual question regarding whether employer retained sufficient control. Bokodi v. Foster Wheeler Robbins, Inc., 312 Ill.App.3d 1051, 1059, 728 N.E.2d 726 (1st Dist. 2000).

"Retention of a general right to inspect the work, to order it stopped or resumed, to make suggestions or recommendations or prescribe alterations or deviations, or to enforce safety regulations has been held insufficient." Dailey v. Consolidated Stores Corp., 2002 WL 31101672 (N.D.Ill. 2002) (*citing* Rangel v. Brookhaven Constructors, Inc., 307 Ill.App.3d 835, 719 N.E.2d 174, 177, 241 Ill.Dec. 313 (1st Dist. 1999); Fris v. Personal Products Co., 255 Ill.App.3d 916, 924, 627 N.E.2d 1265, 194 Ill.Dec. 623 (3$^{d}$ Dist. 1994); Hutchcraft, 726 N.E.3d at 1177; Connaghan, 757 N.E.2d at 976). Nothing in the evidence suggests that Ford exercised any more control than this over the project.

As plaintiff demonstrates, Ford was concerned about safety. Jack Peterson, as Ford's launch coordinator, walked through the jobsite regularly, observing the progress and procedures of the contractors. He participated in meetings with the contractors at which safety was a primary topic. Through these meetings, and the contracting agreement itself, Ford retained a certain level of control over its plant. Plaintiff cannot, however, point to anything in the evidence to demonstrate that Ford played any part in the day-to-day decisions about safety or anything else that the contractors made. There is no indication by plaintiff that Gallagher-Kaiser, Idea, or any of the other contractors or subcontractors, was "not entirely free to do the work in [its] own way," as required by the Restatement.

Plaintiff directs our attention to a series of cases that stand for the proposition that the right to stop work is the single most important factor in determining whether defendant retained sufficient control to give rise to a duty of care. *See* Bokodi; Brooks v. Midwest Grain Products of Illinois, Inc., 311 Ill.App.3d 871, 726 N.E.2d 153 (3rd Dist. 2000). In the cases cited by plaintiff, however, defendants maintained a level of control over the jobsite not seen in this

case. Those defendants instituted procedures taking away the free decisionmaking of the contractors. *See e.g.,* Bokodi, 312 Ill.App.3d at 1063 (subcontractor agreement provided 29 safety measures required by defendant, in addition to weekly safety training meetings monitored by defendant). While Ford had a general safety plan for its plant, nothing in the evidence suggests that this had any effect on the day-to-day decisions of the workers.

Plaintiff next directs us to Axen v. Ockerlund Const. Co., 281 Ill.App.3d 224, 666 N.E.2d 693, 698 (1st Dist. 1996), arguing that the question of whether defendant exercised sufficient control to give rise to a duty of care under § 414 is identical to the question of whether defendant is "in charge of" the work area pursuant to the Illinois Structural Work Act.

First, we note that the Illinois Structural Work Act has been repealed. Second, the court in Axen never mentioned § 414 in holding that a defendant who is in charge of a work scene meets the threshold level for a duty of care for the tort of negligence. Third, the application of the factors[1] would not change the result here. Again, there is no evidence that Ford was in charge of the job scene in any way. The contractors were free to perform the work as they felt proper.

Finally, while plaintiff did not allege liability under § 343 of the Restatement, the parties raise the issue in their briefs. Section 343 provides:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land, but only if, he
> (a) knows or by the exercise of reasonable care would discover the condition, and

---

[1] (1) Supervision and control of the work; (2) retention of the right to supervise and control the work; (3) constant participation in ongoing activities at the construction site; (4) supervision and coordination of subcontractors; (5) responsibility for taking safety precautions at the jobsite; (6) authority to issue change orders; (7) the right to stop work; (8) ownership of the equipment used at the job site; (9) the defendant's familiarity with construction customs and practices; and (10) whether the defendant is in a position to assure worker safety or alleviate equipment deficiencies or improper work habits. *See* Chance v. City of Collinsville, 112 Ill.App.3d 6, 10, 445 N.E.2d 39, 42 (5th Dist. 1983).

(b) should realize that it involves an unreasonable risk or harm to such invitees, and
(c) should expect that they will not discover the danger, or will fail to protect themselves against it, and
(d) fails to exercise reasonable care to protect them against danger.

Illinois has also adopted this section. *See* Genaust v. Illinois Power Co., 62 Ill.2d 456, 343 N.E.2d 465 (Ill. 1976). Section 343A of the Restatement grants an exception to this general rule for dangers that are known or obvious and that the invitee fails to avoid.

Plaintiff presents no evidence that his injury was the result of an unreasonably dangerous condition, as opposed to an unreasonably dangerous procedure. Moreover, there is no evidence that Ford realized or should have realized that the chain presented an unreasonably dangerous condition. There are no facts to give rise to liability under § 343A.

Ford also moves to strike plaintiff's response to its Local Rule 56.1 statement of material facts, arguing that the citations in plaintiff's response do not point to evidence denying defendant's factual statements. The motion is moot as we grant defendant's summary judgment motion.

## CONCLUSION

Defendant Ford Motor Company's motion for summary judgment is granted and its motion to strike plaintiff's response to its Local Rule 56.1 statement of material facts is denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

Dec. /9, 2002.