(13)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 6509 | **DATE** | 12/19/2002 |
| **CASE TITLE** | Kenneth R. Schreiber vs. IDEA Engineering etc. et al. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____ .

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the foregoing reasons, defendant's motion for judgment on the pleadings is granted as to count II and denied as to count III.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | **DEC 23 2002** | | |
| | Notified counsel by telephone. | | date docketed | | |
| ✓ | Docketing to mail notices. | | | | 105 |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| WAH | courtroom deputy's initials | | date mailed notice | | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH R. SCHREIBER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 99 C 6509 |
| | ) | |
| IDEA ENGINEERING & FABRICATING, a corporation, and GALLAGHER-KAISER CORPORATION, a corporation, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

DOCKETED
DEC 2 3 2002

## MEMORANDUM OPINION AND ORDER

Plaintiff Kenneth R. Schreiber brought this suit in state court against defendants Idea Engineering & Fabricating (Idea), Gallagher-Kaiser Corporation (Gallagher-Kaiser), and Ford Motor Company (Ford), alleging negligence in connection with a construction accident. After defendants removed this action to this court Gallagher-Kaiser filed cross-claims against Idea seeking contribution and indemnity, and alleging breach of contract. Idea filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) as to counts II and III of Gallagher-Kaiser's cross-claim. For the following reasons, Idea's motion is granted in part and denied in part.

## BACKGROUND

The facts are taken from Gallagher-Kaiser's amended cross-claim against Idea. Plaintiff was allegedly injured on July 6, 1998, while performing welding work at Ford's assembly plant in Chicago, Illinois. Gallagher-Kaiser was the general contractor for the construction contract and Idea was the subcontractor in charge of the welding work.

105

Gallagher-Kaiser's agreement with Idea provides, in relevant part, that "Idea and its subcontractors are responsible for the actions of any organization, person or others they employ to perform any portion of their contracts." The agreement additionally provides that "Idea Eng. shall procure and maintain liability insurance, per the general conditions in such form and with such companies as are acceptable to the owner, and before starting work shall provide Gallagher-Kaiser Corp. and Ford Motor Company named as 'additional insured'."

Gallagher-Kaiser alleges in its cross-claim that Idea is liable for contribution and indemnification for its liability, if any, in this suit. Additionally, Gallagher-Kaiser alleges that Idea breached the agreement in failing to provide adequate insurance coverage to Gallagher-Kaiser. Idea argues that the indemnification provision is void pursuant to 740 ILCS 35/1 and that the pleadings fail to state a claim for breach of contract upon which relief can be granted.

## DISCUSSION

A party may move for judgment on the pleadings after the filing of both the complaint and answer. Brunt v. Service Employees Intern. Union, 284 F.3d 715, 718 (7th Cir. 2002). We will grant the motion only when it appears beyond a doubt that the plaintiff cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved. Id. at 718-19. The court may consider only matters in the pleadings and must view the facts in the light most favorable to the non-moving party. National Fidelity Life Ins. Co. v. Karaganis, 811 F.2d 357, 358 (7th Cir. 1987).

### Count II - Indemnity

Idea argues that the provision of the contract calling for indemnification is voided by the Illinois Construction Contract Indemnification for Negligence Act (ICCINA). Section 1

of the Act provides:

> With respect to contracts or agreements, either public or private, for the construction, alteration, repair or maintenance of a building, structure, highway bridge, viaducts or other work dealing with construction, or for any moving, demolition or excavation connected therewith, every covenant, promise or agreement to indemnify or hold harmless another person from that person's own negligence is void as against public policy and wholly unenforceable.

740 ILCS 35/1. Idea argues that because this is a construction contract, a covenant for indemnification is against public policy and therefore void.

The purpose of the statute is to "thwart attempts to avoid the consequences of liability and thereby insure a continuing motivation for persons responsible for construction activities to take accident prevention measures and provide safe working conditions." Lovellette v. Souther Ry. Co., 898 F.2d 1286, 1290 (7th Cir. 1990) (*quoting* Davis v. Commonwealth Edison Co., 61 Ill.2d 494, 499, 336 N.E.2d 881, 884 (Ill. 1975)). This does not prevent contracts limiting the liability based on the subcontractor's conduct, rather than the general contractor's conduct. *See* W.E. O'Neil Const. Co. v. General Cas. Co. of Illinois, 321 Ill.App.3d 550, 556, 748 N.E.2d 667, 671-72, 254 Ill.Dec. 949, 953-54 (1st Dist. 2001).

By stating its claim as one for indemnity, Gallagher-Kaiser asks the court to make them whole in the event they are forced to pay damages to plaintiff. This remedy would, in effect, circumvent the ICCINA by apportioning liability in a way not tied to conduct. Gallagher-Kaiser argues that it seeks damages only to the extent that its liability is caused by Idea's conduct. To the extent that this is true, the claim is duplicitous of the contribution claim in count I. If Gallagher-Kaiser were able to convince the court that its liability was 100 per cent the fault of Idea, it would be entitled to 100 per cent contribution, realizing the same remedy

as it would in a suit for indemnity.[1]

To avoid conflict with the ICCINA, we read the claim based on contractual clause as essentially asking for contribution. Cooper, 959 F.Supp. at 968-69. As stated above, this would make count II identical to count I. Moreover, Illinois courts do not recognize a claim for contractual contribution, as "it would run afoul of the good-faith-settlement and dismissal provisions" of the Joint Tortfeasor Contribution Act. 740 ILCS 100/0.01 *et seq*. Herington v. J.S. Alberici Cont. Co., Inc., 203 Ill.Dec. 348, 352, 639 N.E.2d 907, 911 (5th Dist. 1994). Any potential recovery for Gallagher-Kaiser is either barred by statute or covered in count I.

## Count III - Breach of Contract

Idea also argues that Gallagher-Kaiser fails to state a claim for breach of contract. To state a claim Gallagher-Kaiser must show a valid and enforceable contract, performance by Gallagher-Kaiser, breach of the contract by Idea, and resultant injury to Gallagher-Kaiser. Gallagher Corp. v. Russ, 309 Ill.App.3d 192, 199, 721 N.E.2d 605, 611, 242 Ill.Dec. 326, 332 (1st Dist. 1999). Idea argues that Gallagher-Kaiser attached the certificate of insurance to the complaint, estopping it from arguing that it was not covered by an insurance policy. Idea further argues that Gallagher-Kaiser attempts to allege inconsistent claims within the same count.

We read count III of the cross-claim as alleging that Idea had a contractual duty to provide insurance for its part of the project and, furthermore, that it had a duty to make sure

---

[1]Indemnity shifts the entire responsibility from one tortfeasor, who has been compelled to pay the loss, to another tortfeasor, who is truly culpable. By contrast, contribution allocates responsibility for the total loss among multiple culpable tortfeasors. Cooper v. Wal-Mart Stores, Inc., 959 F.Supp. 964, 968, n.3 (CD.Ill. 1997) *citing* Stifle v. Marathon Petroleum, 876 F.2d 552, 558-59 (7th Cir. 1989)).

that coverage protected Gallagher-Kaiser and Ford from liability resulting from Idea's conduct. If Gallagher-Kaiser is found liable and forced to pay damages, its claim is that Idea is liable for breach of contract to the extent that these damages are the result of Idea's failure to provide adequate insurance. Reading the complaint in this way, it contains all necessary elements to state a claim for breach of contract. The fact that Gallagher-Kaiser is pursuing an alternate theory in state court – that it is covered – does not defeat its claim here, as there has been no determination that it is covered.

## CONCLUSION

For the foregoing reasons, defendant's motion for judgment on the pleadings is granted as to count II and denied as to count III.

JAMES B. MORAN
Senior Judge, U. S. District Court

Dec. 19 , 2002.