# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 6509 | **DATE** | 3/17/2003 |
| **CASE TITLE** | Kenneth R. Schreiber vs. Idea Engineering etc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant Idea's motion for summary is granted as to plaintiff Schreiber's claims and denied as to count I of Gallagher-Kaiser's cross-claim. (70-1)

(11) ■ [For further detail see order attached to the original minute order.]



| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices— | |
| | Notices mailed by judge's staff. | | MAR 18 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 113 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | WAH courtroom deputy's initials | 03 MAR 17 AM 11:19 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KENNETH R. SCHREIBER, )
)
Plaintiff, )
)
vs. ) No. 99 C 6509
)
IDEA ENGINEERING & FABRICATING, a )
corporation; GALLAGHER-KAISER )
CORPORATION, a corporation, and FORD )
MOTOR COMPANY, a corporation, )
)
Defendants. )
-------------------------------------------------------)
GALLAGHER-KAISER CORPORATION, )
)
Third party plaintiff, )
)
vs. )
)
GENESYS GROUP, INC., )
)
Third party defendant. )

DOCKETED
MAR 1 8 2003

## MEMORANDUM OPINION AND ORDER

Plaintiff Kenneth R. Schreiber brought this suit against defendants Idea Engineering & Fabricating (Idea), Gallagher-Kaiser Corporation (G-K) and Ford Motor Company (Ford). G-K filed a cross-claim against Idea. Defendant Idea now moves for summary judgment against both Schreiber and G-K, arguing that their liability is limited by the Illinois Workers' Compensation Act, 820 ILCS 305/1 *et seq.* (the Act). For the following reasons, defendant Idea's motion is granted in part and denied in part.

## BACKGROUND

Plaintiff was allegedly injured by a conveyor belt on July 6, 1998, while performing

welding work at Ford's Chicago, Illinois, plant. G-K was the general contractor for the job and subcontracted the welding work to Idea. Plaintiff was an independent welder, hired through Genesys, a staff leasing organization, to perform welding work under the supervision of the contractors.

Daniel Ellstrom of Idea was the foreman in charge of the welding work. He would meet frequently with the general foreman, determine the necessary tasks and then supervise the welders. These welders did not usually take orders from any other person at the jobsite. Idea provided the equipment used by the welders and maintained the right to terminate its workers at any time.

## DISCUSSION

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no issue of material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); *see* Celotex Corp. v Catrett, 477 U.S. 317, 322-23 (1986); Bennett v. Roberts, 295 F.3d 687, 694 (7th Cir. 2002). Our function is merely to determine if there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

The Illinois Workers' Compensation Act allows employees who are injured in the course of their employment to obtain benefits, regardless of fault, in exchange for accepting this as their exclusive remedy, thereby forfeiting tort recovery for the injury. Wilhite v. Illinois Power Co., 139 F. Supp. 2d 971, 973-74 (C.D. Ill. 2001) *citing* Belluomini v. United States, 64 F.3d 299, 302 (7th Cir. 1995). The scope of the Act extends to situations in which an employee is borrowed by one employer from another employer. 820 ILCS 305/1(a)(4); Belluomini, 64

F.3d at 302. If a borrowed employee is injured, the loaning employer and the borrowing employer are jointly and severally liable for any benefits. *Id.*

Whether an employee is a borrowed employee for purposes of the Act is generally a question of fact. If, however, the facts are undisputed and subject to only one interpretation, it becomes a question of law. Russell v. PPG Industries, Inc., 953 F.2d 326, 329 (7th Cir. 1992). We focus "on the extent of control which the alleged borrowing employer has over the employee" and inquire "as to whether a contract existed between the employee and borrowing employer." Belluomini, 64 F.3d at 302, *citing* Russell, 953 F.2d at 329. The primary factor in the inquiry is the extent of control that the borrowing employer has over the employee and the manner in which the work is done. A.J. Johnson Paving Co. v Industrial Commission, 412 N.E.2d 477 (Ill. 1980). The Act should be liberally construed to bring people within the context of the employee-employer relationship. Russell, 953 F.3d at 329 *citing* Saldana v. Wirtz Cartage Co., 385 N.E.2d 664, 669 (Ill. 1978).

Whether the employer has control over the employee's work depends upon the character of the supervision, the manner of direction, the right to discharge, the matter of hiring, and the mode of payment. Russell, 953 F.2d at 329 *citing* Saldana, 385 N.E.2d at 669; Freeman v. Augustine's, Inc., 360 N.E.2d 1245, 1248 (Ill. App. 5th Dist. 1977). Idea exercised near total control over Schreiber's action at the jobsite. While Schreiber received his paychecks from Genesys and recognized that it was his formal employer, that is where Genesys' control stopped. Idea and its employees set the schedule for the welders, dictated what work needed to be done, controlled how the work was done, and provided the equipment for the job. Moreover, Idea retained the right to terminate the employees under its control.

Plaintiff argues that Gaudet v. Exxon Corp., 562 F.2d 351, 355 (5th Cir. 1977) requires us to apply nine factors to the facts in reaching a determination. While Gaudet does not implicate Illinois law, an application of the nine factors used by the Fifth Circuit to the facts of this case would yield the same result.

In order to qualify as a borrowed employee, the employee must also, explicitly or implicitly, agree to an employment relationship with the borrowing employer. Russell, 953 F.3d at 331-32. Plaintiff clearly accepted his role as an employee of Idea. He followed the schedule and orders of Idea's foreman and did not take orders from any other supervisors.

Plaintiff's reliance on Barraza v. Tootsie Roll Industries, Inc., 690 N.E.2d 612, 616 (Ill. App. 1st Dist. 1997), is misguided. In Barraza, the plaintiff directly applied to work at the defendant's factory. Id. at 613. He was then paid by a temporary employment service that had a contract with the defendant to provide workers and to provide workers' compensation insurance for both the employment service and the defendant. Id. The court determined that there was a question of fact as to whether the plaintiff acquiesced to the contractual relationship, because it was unclear whether he knew that he was employed by the employment service. Id. at 615-16. It was therefore unclear whether he could qualify as a loaned employee. Id. at 616.

There is no question that Schreiber knew that he was employed by Genesys but that his job activities were controlled by Idea. He filled out paperwork, including W-4 forms, indicating that he was an employee of Genesys. He then took orders from the Idea foreman and performed his welding work under Idea's control. By doing so, Schreiber impliedly accepted the borrowed employment contract with Idea.

Employers are liable for contribution regardless of the immunity provided by the Workers' Compensation Act. <u>Kotecki v. Cyclops Welding Corp.</u>, 585 N.E.2d 1023, 1027 (Ill. 1991). While any liability for contribution is limited to the amount of Idea's liability under the Act, summary judgment is not proper because the liability is not "extinguished." <u>Costiloe v. Allis-Chalmers Corp.</u>, 615 N.E.2d 798, 800 (Ill. App. 3$^d$ Dist. 1993). G-K's claim for contribution must survive summary judgment.

## CONCLUSION

For the forgoing reasons, defendant Idea's motion for summary judgment is granted as to plaintiff Schreiber's claims and denied as to count I of Gallagher-Kaiser's cross-claim.

*James B. Moran*
JAMES B. MORAN
Senior Judge, U. S. District Court

*March 17*, 2003.