

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 99 C 6509 | DATE | 9/4/2003 |
| CASE TITLE | Kenneth R. Schreiber vs. Idea Engineering etc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the foregoing reasons, defendant Gallagher-Kaiser's motion for summary judgment is granted. Status hearing set for September 16, 2003 at 9:15am.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 05 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 131 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | date/time received in central Clerk's Office | date mailed notice | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KENNETH R. SCHREIBER, )
 )
           Plaintiff, )
 )
           vs. ) No. 99 C 6509
 )
IDEA ENGINEERING & FABRICATING, a )
corporation; et al., )
 )
           Defendant. )
--------------------------------------------------)
GALLAGHER-KAISER CORPORATION, )
 )
           Third party plaintiff, )
 )
           vs. )
 )
GENESYS GROUP, )
 )
           Third party defendant. )

DOCKETED
SEP 0 5 2003

## MEMORANDUM OPINION AND ORDER

Plaintiff Kenneth R. Schreiber brought this suit against defendants Idea Engineering & Fabricating (Idea), Gallagher-Kaiser Corporation (G-K), and Ford Motor Company (Ford) arising from injuries he received while working at a construction site at Ford's Chicago assembly plant. Defendant G-K filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, arguing that it owed no duty of care to the plaintiff. For the following reasons, defendant's motion is granted.

## BACKGROUND

Plaintiff was severely injured when he was welding near a chain that was being pulled

by other workers. While it was possible to pull the chain mechanically, there is no indication that this was done at the time of the accident. A fixture on the chain hooked onto the basket in which plaintiff was working and pinned him between the railing on his lift and a steel beam.

The general contractor for the project in question was G-K, a Michigan corporation, and the independent subcontractor in charge of the welding was Idea, also a Michigan corporation. Plaintiff was an independent welder hired by Genesys, a staff leasing organization, to perform welding work under the supervision of Idea and its employees. He worked at the Ford plant from July 2, 1998, until his accident on July 6, 1998.

## DISCUSSION

In Illinois, to state a claim for construction negligence plaintiff must establish that defendant owed a duty of care to plaintiff, that the defendant breached that duty, and that plaintiff suffered an injury as a result of that breach. *See* Rogers v. West Const. Co., 252 Ill. App. 3d 103, 105, 623 N.E.2d 799, 800 (4th Dist. 1993). Unless the court finds the existence of a duty as a matter of law, no recovery by the plaintiff is possible. *See* Hutchcraft v. Independent Mechanical Industries, 312 Ill. App. 3d 351, 358, 726 N.E.2d 1171, 1176-77 (4th Dist. 2000).

In its motion for summary judgment G-K raises only the issue of whether it owed a duty of care to the plaintiff. Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); *see* Celotex Corp. v Catrett, 477 U.S. 317, 322-23 (1986); Bennett v. Roberts, 295 F.3d 687, 694 (7th Cir. 2002). Our function is merely to

determine if there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). Defendant Ford filed a similar motion for summary judgment, which we granted on December 23, 2002. Schreiber v. Idea Engineering & Fabricating, 2002 WL 31875550 (N.D. Ill. 2002).

As a general rule, one who employs an independent contractor is not liable for the acts or omissions of the independent contractor. Connaghan v. Caplice, 325 Ill. App. 3d 245, 248, 757 N.E.2d 971, 975 (2nd Dist. 2001). The Illinois Supreme Court adopted Section 414 of the Restatement of Torts as the law of Illinois, to be applied in determining whether one who employs an independent contractor owes a duty to potential plaintiffs. The Restatement provides:

> One who entrusts work to an independent contractor, but who retains the control of any part of the work, is subject to liability for physical harm to others for whose safety the employer owes a duty to exercise reasonable care, which is caused by his failure to exercise control with reasonable care.

Restatement (Second) of Torts § 414, at 387 (1965).

Comment *c* goes on to explain:

> In order for the rule stated in this Section to apply, the employer must have retained at least some degree of control over the manner in which the work is done. It is not enough that he has merely a general right to order the work stopped or resumed, to inspect its progress or to receive reports, to make suggestions or recommendations which need not necessarily be followed, or to prescribe alterations and deviations. Such a general right is usually reserved to employers, but it does not mean that the contractor is controlled as to his methods of work, or as to operative detail. There must be such a retention of a right of supervision that the contractor is not entirely free to do the work in his own way.

Restatement (Second) of Torts § 414, Comment *c*, at 388 (1965).

The issue of whether an employer retained sufficient control to give rise to a duty of

care is generally a question of fact and summary judgment is proper only where the evidence presented is insufficient to give rise to a factual question regarding whether employer retained sufficient control. Bokodi v. Foster Wheeler Robbins, Inc., 312 Ill. App. 3d 1051, 1059, 728 N.E.2d 726, 732-33 (1st Dist. 2000). The mere "[r]etention of a general right to inspect the work, to order it stopped or resumed, to make suggestions or recommendations or prescribe alterations or deviations, or to enforce safety regulations, has been held insufficient." Dailey v. Consolidated Stores Corp., 2002 WL 31101672 (N.D.Ill. 2002) (*citing* Rangel v. Brookhaven Constructors, Inc., 307 Ill. App. 3d 835, 837-38, 719 N.E.2d 174, 177 (1st Dist. 1999); Fris v. Personal Products Co., 255 Ill. App. 3d 916, 923-24, 627 N.E.2d 1265, 1269 (3rd Dist. 1994); Hutchcraft, 312 Ill. App. 3d at 358-59, 726 N.E.2d at 1177; Connaghan, 325 Ill. App. 3d at 250, 757 N.E.2d at 976).

Plaintiff fails to produce evidence that G-K retained sufficient control over the work area so as to give rise to a duty under Section 414. The record shows that all of the subcontractors were required to follow procedures in the G-K safety manual and that G-K reserved the right to correct unsafe work practices by stopping the work or by requesting changes. G-K also employed two supervisors, Robert Armstrong and David Duncan, who inspected the work of subcontractors such as Idea, took corrective measures when necessary and held weekly safety meetings. Under the test set forth by the Illinois courts, this is not enough.

In Fris, the building operator that hired the independent contractor reserved the right to inspect all work and make changes to the plans. 255 Ill. App. 3d at 924, 627 N.E.2d at 1270. It also retained the right to implement safety precautions and to make certain that the work

was done in a safe manner. *Id.* However, because the building owner did not control the incidental aspects of the work, the court found that there was no duty of care, stating that while the building operator controlled the ends, the independent contractor was "responsible for the means by which those ends were to be achieved." *Id; see also* Rangel, 307 Ill. App. 3d at 839, 719 N.E.2d at 178 (holding that "even where the employer or general contractor retains the right to inspect the work done, orders changes to the specifications and plans, and ensures that safety precautions are observed and the work is done in a safe manner, no liability will be imposed on the employer or general contractor unless the evidence shows the employer or general contractor retained control over the 'incidental aspects' of the independent contractor's work").

The present case is nearly identical to those of Fris and Rangel. While G-K retained a certain amount of control over the work space and the safety precautions that were implemented, there is no evidence that it controlled the incidental activities of the subcontractors. Only if a G-K inspector noticed a serious safety violation would he request any change to the subcontractors' plans. Idea developed the plans for the welding work and controlled its employees accordingly. In other words, it controlled the means by which the welding work was to be accomplished.

Plaintiff seeks to distinguish this case from Rangel by arguing that unlike the defendant in that case, G-K knew that the conveyor chain represented a danger and implemented safety precautions accordingly. *See* Rangel, 307 Ill. App. 3d at 839, 719 N.E.2d at 177 (stating that there was nothing to indicate that the general contractor could have known about the hazardous work being performed by the plaintiff). The important factor however is not

whether G-K knew about potential safety hazards at the job site, but rather whether it exercised control over the *methods* used by the welders. Again, there is no evidence that they did so.

Likewise, plaintiff's reliance on Axen v. Ockerlund Const. Co., 281 Ill.App.3d 224, 666 N.E.2d 693, 698 (1st Dist. 1996), is misguided. In Axen, the court set forth the factors that should be used to determine whether a general contractor retains control under the Illinois Structural Work Act.[1] First, we note that the Structural Work Act has been repealed. Second, the court in Axen never mentioned Section 414 and there is no reason to assume that control for the purposes of the Structural Work Act would be equivalent. Finally, even if we were to apply the test set forth by Axen, the result here would not change. The subcontractors provided their own equipment, established their own work plans and retained control over the methods used to complete their part of the work.

## CONCLUSION

For the foregoing reasons, defendant Gallagher-Kaiser's motion for summary judgment is granted.

JAMES B. MORAN
Senior Judge, U. S. District Court

Sept. 4, 2003.

---

[1] (1) Supervision and control of the work; (2) Retention of the right to supervise and control the work; (3) Constant participation in ongoing activities at the construction site; (4) Supervision and coordination of subcontractors; (5) Responsibility for taking safety precautions at the job site; (6) Authority to issue change orders; (7) The right to stop work; (8) Ownership of the equipment used at the job site; (9) The defendant's familiarity with construction customs and practices; and (10) Whether the defendant is in a position to assure worker safety or alleviate equipment deficiencies or improper work habits.